IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:07CR434 (TSE) |
| | ) | **EXHIBIT 1 FILED UNDER SEAL** |
| ROBERT DENNIS UPDEGROVE, | ) | **PURSUANT TO 18 U.S.C. § 3509(d)** |
| | ) | |
| Defendant. | ) | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING FACTORS

Pursuant to 18 U.S.C. § 3553(a) and Section 6A1.2 of the Sentencing Guidelines and Policy Statements, the United States hereby represents that it has reviewed the Probation Office's presentence report in this matter, and that it does not dispute any of the facts or factors set out therein.

Defendant has entered a timely plea to attempted receipt of child pornography, and has stipulated to having engaged in the conduct described in the Statement of Facts filed in this matter. The United States respectfully requests that the Court consider the factors set forth in 18 U.S.C. § 3553(a), Section 2G2.2 of the Sentencing Guidelines (2006), and the stipulated conduct to impose the mandatory minimum sentence of 60 months and a fine in the amount the Court deems appropriate. In addition, the United States respectfully requests that Defendant be placed on supervised release for a term of 10 years. *See* 18 U.S.C. § 3583(k).

### A.     Nature and Circumstances of the Offense and Defendant's History and Characteristics

Defendant has been found guilty of a crime of violence against children. *See* 18 U.S.C. § 3156(a)(4)(C) (defining attempted receipt of child pornography as a crime of violence).

1

Defendant is a consumer of child pornography.  Defendant's attraction to "younger and younger girls" began around 1999.  *See* PSR ¶ 23.  His claim that he subscribed to websites that featured younger girls primarily posing alone is consistent with most of the evidence recovered from his computer.  However, the images of girls posing that he saved on his computer ranged down to prepubescent children approximately five years old lewdly exhibiting their genitals. He estimated that he subscribed to child pornography websites over a three year period.

> **B.**     **Seriousness of Offense, Promotion of Respect for the Law, and**
>            **Provision of Just Punishment**

Congress has recognized that child pornography "is a form of sexual abuse which can result in physical or psychological harm, or both, to the children involved," because it creates a permanent record of the child's abuse and allows for the continued victimization of that child. Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, Div. A, Title I, §§ 121(1) & (2), 110 Stat. 3009-26 (1996) (codified at 18 U.S.C. § 2251 Congressional Findings).

Consumers of child pornography, like Defendant, perpetuate the abuse suffered by the children depicted in the images that they pay to receive.  The adverse impact of Defendant's conduct is captured best by the words of some of the victims depicted in the images that he received.

Attached is the victim impact statement of the mother of one of the young girls depicted in some of the images received by Defendant.  *See*  Victim Impact Statement (Ex. 1) (filed under seal).  This mother vividly explains how those who traffic in these images perpetuate the abuse suffered by these children – on a daily basis and for the rest of their lives.  The child depicted in the images lives in North Carolina, where the images of her abuse at the hands of her father were created when she was between the ages of six and seven.  She is now eleven years old.

### C.     The Need to Deter Future Crimes and to Protect the Public

Defendant has an interest in child pornography that dates back almost 8 years.  In his statement of facts, he admits that he viewed child pornography on the Internet for several years and viewed it several times a week.  The types of images that he collected evince a sexual interest in particularly young – and vulnerable – children engaged in sexually explicit conduct. He is clearly in need of significant deterrence.

A sentence of 60 months and 10 years of supervised release will serve as a deterrent to the general public.  Such a sentence will illustrate that conduct of this type – the 'mere' viewing and downloading of child pornography – will draw a significant sentence under federal law.

### D.     The Need to Avoid Unwarranted Sentencing Disparities

A sentence of 60 months of imprisonment and 10 years of supervised release will ensure that Defendant is treated no better, and no worse, than those who have committed similar offenses.

Although advisory, the Guidelines range remains the "starting point and the initial benchmark" for determining the appropriate sentence.  *United States v. Gall*, No. 06-7949, --- U.S. ---, 2007 WL 4292116, at *7 (Dec. 10, 2007) (citing *United States v. Rita*, 127 S. Ct. 2456, 2466 (2007)).  This is done "[a]s a matter of administration and to secure nationwide consistency," *id.*, because the Commission's recommended sentencing range for particular conduct "will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives."  *United States v. Kimbrough*, No. 06-6330, --- U.S. ---, 2007 WL 4292040, at *10 (Dec. 10, 2007) (internal quotations omitted).  A sentence at the mandatory minimum term of 60 months will fall squarely within the applicable Guidelines range.  Such a sentence also will be

consistent with those imposed by this Court on other defendants who subscribed to commercial child pornography websites and received images of child pornography.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the United States respectfully requests that Defendant be sentenced to a term of imprisonment of 60 months, followed by a term of supervised release of 10 years.  The United States also respectfully requests that the Court impose a fine in an amount that the Court deems appropriate.

Respectfully submitted,

CHUCK ROSENBERG
UNITED STATES ATTORNEY


By:        _____/s/_____
           Gerald J. Smagala
           Attorney for United States of America
           U.S. Attorney's Office
           Justin W. Williams U.S. Attorney's Building
           2100 Jamieson Avenue
           Alexandria, Virginia 22314
           703-299-3813
           Fax: 703-299-3981
           Jerry.smagala@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Position of the United States

as to Sentencing Factors was served electronically, with the exhibit filed under seal and served

via first class mail, postage-prepaid, on this 23rd day of January 2008, on:

Robert E. Battle, Esq.
1506 Willow Lawn Drive, Ste. 212
Richmond, Virginia 23230

_____/s/_____
Gerald J. Smagala
Attorney for United States of America
U.S. Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
703-299-3813
Fax: 703-299-3981
Jerry.smagala@usdoj.gov

5

# VICTIM IMPACT STATEMENT - EXHIBIT 1

# FILED UNDER SEAL IN CLERK'S OFFICE

# PURSUANT TO

# 18 U.S.C. § 3509(d)